UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEYONTAE J. LEGETTE, | ) | CASE NO. 5:20-cv-02709 |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| v. | ) | |
| KILOLO KIJAKAZI,<br>*Acting Comm'r of Soc. Sec.*, | ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation of Magistrate Judge Jonathan D. Greenberg. (R. 17). On December 4, 2020, Plaintiff Keyontae J. Legette filed his Complaint (R. 1) challenging the final decision of the Commissioner of Social Security denying his application for Supplemental Security Income ("SSI"). Pursuant to Local Rule 72.2, the case was referred to a Magistrate Judge.

On February 25, 2022, the Magistrate Judge issued his Report and Recommendation, recommending the Court AFFIRM the Commissioner's decision. (R. 17). Plaintiff has not filed any objections within the fourteen-day deadline, which were due by March 11, 2022.

**I. Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable standard of review of a magistrate judge's report and recommendation

depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. Fed. R. Civ. P. 72(b)(3) states:

> *Resolving Objections*. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b)(3) addresses only the review of reports to which objections have been made, but does not specify any standard of review for those reports to which no objections have lodged. The Advisory Committee on Civil Rules commented on a district court's review of unopposed reports by magistrate judges. In regard to subsection (b) of Rule 72, the advisory committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (*citing Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879)).

"In the Sixth Circuit, failure to object constitutes a forfeiture." *Schuster v. Comm'r of Soc. Sec.*, 2022 WL 219327, at *1 (N.D. Ohio, Jan. 25, 2022) (Lioi, J.) (citing *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here.")); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver/forfeiture rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed"). Here, the Report and Recommendation placed the parties on notice as to the potential for forfeiture in the event of failure to object. (R. 17, PageID# 562).

## II. Conclusion

The Court has carefully reviewed the Report and Recommendation, finds no clear error, and agrees with the findings set forth therein. The Magistrate Judge's Report and Recommendation (R. 17) is hereby ADOPTED. The Commissioner's decision is hereby AFFIRMED.

IT IS SO ORDERED.

*s/ David A. Ruiz*
David A. Ruiz
United States District Judge

Date: March 30, 2022